## REESE and SEGER v. STEAMER MARY FOLEY et al.

Where a boat pushes out into the river, with another in tow, in the crowded port of New Orleans, across the track usually pursued by ascending vessels, a due degree of caution would dictate that her officers should assure themselves there was no boat ascending which might endanger their vessel; and if she be damaged by collision without such precaution, no damages will be awarded.

APPEAL from the Fifth District Court of New Orleans. *Buchanan, J.* The judgment of the district court was in favor of the plaintiff for the cost of repairing the damages suffered by the collision of the steamer *Ben Adams* with the *Mary Foley*.

*Schmidt*, for plaintiffs. *Walker* and *Griffith*, for defendants. The judgment of the court was pronounced by

SLIDELL, J. The owners of the steamboat *Ben Adams* claim from the owners of the steamboat *Mary Foley* compensation for damages occasioned by a collision, alleged by the plaintiffs to have been caused by the negligence of those in charge of the latter vessel, and without any fault on the part of the plaintiffs.

The *Mary Foley* was going up the river, and appears to have been pursuing the course usually taken at that point by ascending vessels, that is to say, she was running along the line of vessels moored along the upper wharves of the Second Municipality, at a little distance from them; but such as does not appear to us, under the evidence, to have been unusual or unsafe. This course is usually adopted for two reasons, namely : to keep out of the current, which is rapid further out, and to avoid descending boats. The *Ben Adams* had been moored in a space a few hundred feet wide at the upper part of the Second Municipality, between a tier of vessels below and a tier of flatboats above, both tiers projecting some distance into the river. She was working out into the river with a barge in tow, and came into collision with the *Mary Foley*, as the latter was passing. Upon a careful consideration of the evidence, we have all come to the conclusion, that the collision must be attributed, in part at least, to the negligence of those in charge of the *Ben Adams*. It was about the time in the morning when the steam packets from the city are starting. Ascending steamboats usually pass near the shipping. They may be seasonably descried at a distance from the place where the *Ben Adams* cast off her moorings, although not so easily, or rather not so fully, seen as they near or come abreast of the tier of shipping already spoken of. The steam also of the ascending boat may be heard at some distance. A due caution on the part of the officers of a vessel about to emerge from behind the shipping and cross the track of ascending steamers, would seem to dictate that they should first assure themselves that no boat was ascending which might intercept their vessel. We feel persuaded that a little diligence, thus directed, and which was quite practicable, would have

REESE
v.
STEAMER
MARY FOLEY.

prevented the occurrence of this collision.  See *Myers* v. *Perry*, 1st Ann. 374. *Carlisle* v. *Holton*, 3d Ann. 48.   *Murphy* v. *Diamond*, 3d Ann. 442.

It is therefore decreed, that the judgment of the district court be reversed, and that there be judgment in favor of the defendants; the plaintiffs paying costs in both courts.